2008 NOV 14  A 11: 26

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leamon Bradley Todd, | ) | C/A No. 3:08-3644-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| President of Venus Enterprises, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

The plaintiff, Leamon Bradley Todd, proceeding *pro se*, brings this civil action concerning a copyright infringement.[1]  Plaintiff resides at Emerald Residential Care in Bishopville, South Carolina, a facility providing assisted living for individuals with mental illness, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The plaintiff claims that his copyright related to "Venus Enterprises © 88" has been infringed, and he seeks unspecified money damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).



---

[1] The plaintiff completed a civil cover sheet and indicated that this action was "reinstated or reopened."  However, he did not file a pleading seeking to reopen a prior action; instead the Clerk of Court appropriately labeled his complaint as a new civil action.

Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The plaintiff has brought this action against the "President of Venus Enterprises (don't know name)," but indicates that he does not know the defendant's address. Essentially, the plaintiff's entire statement of his claim is as follows:

> I wish to sue the President of Venus Enterprises, for copyright infringement. Please check with U.S. copyright office for copyrights for Venus Enterprises © 88, under pseudonym, Leamon Pierre. I don't know how much to ask, as I'm no attorney, nor know what it worth. . . . I've sued Venus Enterprises, before; in U.S. District Ct, Columbia. I had forgotten my copyrights, under Leamon Pierre. Thought they under Bradley Todd. . . . I no longer think it CIA & NASA.

*See* Docket Entry # 1.

The plaintiff seeks compensation for the alleged copyright infringement.

The court notes that the plaintiff has brought civil actions in this court on three prior occasions against Venus Enterprises wherein he alleged copyright violations. *See Todd v. Geneva Convention, et al.*, C/A No. 3:08-660-MBS-BM (D.S.C. 2008); *Todd v. Venus Enterprises, et al.*, C/A No. 3:05-2107-MBS-BM (D.S.C. 2005); *Todd v. NASA, et al.*, C/A No. 3:05-922-MBS-BM (D.S.C. 2005).[2] On each occasion, the plaintiff's lawsuit was summarily dismissed. This lawsuit

---

[2] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.

2

should be no different, as Plaintiff's allegations are entirely too conclusory to state a factually cognizable copyright claim.

It is well settled that federal courts are courts of limited jurisdiction. While 28 U.S.C. § 1338 does provide for original federal court jurisdiction over civil actions related to federal copyright law, plaintiff's complaint is nevertheless subject to dismissal due to its vagueness. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Here, the plaintiff's allegations fail to identify the defendant with any specificity (including its location or what type of business it is) and fail to give any facts related to the alleged copyright creation or infringement (including dates, places, or subject matter of the copyright). As a result, the vague allegations are not sufficient to put the defendant on notice of the grounds upon which the plaintiff's claim rests. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (noting that *pro se* documents are to be liberally construed and that the complaint needs to give the defendant fair notice of what the claim is and the grounds upon which it rests). Thus, the complaint fails to state a claim upon which relief may be granted.

---

1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



3

Furthermore, because the complaint contains no facts, it should be summarily dismissed based upon frivolousness. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (finding that a plaintiff proceeding *in forma pauperis* must meet minimum standards of specificity and rationality). *See also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (finding that the district court properly dismissed a complaint as frivolous where the plaintiff failed to provide "any factual allegations tending to support his bare assertion"). Section 1915 allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).

<u>Recommendation</u>

Accordingly, it is recommended that the court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

November _13_, 2008

Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



5